### ROBERT T. PAINE *vs.* MARY A. P. PRENTISS.

A testatrix devised real estate to A., her nephew, in trust for P., her niece, and to her heirs and assigns forever, the income thereof to be paid to P. during her life : P. died before the testatrix, leaving issue, an infant daughter, who survived the testatrix. *Held,* that the trust was created for the benefit of P. only, and that A. therefore took no estate under the will, but that P.'s infant daughter took the devised estate in fee, by virtue of the will and of the Rev. Sts. c. 62, § 24.

THE plaintiff, in a bill in equity, alleged that Mary Clap, late of Boston, deceased, by her last will, executed August 10th 1832, and proved and allowed April 4th 1842, devised

to the plaintiff an undivided portion of certain real and personal estate, "in trust for his sister, Elizabeth Prentiss," [niece of said Mary, the testatrix,] "and to her heirs and assigns forever; the interest to be paid to her or her order, during life, for her sole and separate use : " That said Elizabeth died while the testatrix was alive, leaving the defendant, Mary Ann P. Prentiss, her only child, then and still a minor : That the plaintiff had assumed the aforesaid trust, under said will, believing himself entitled, under the Rev. Sts. *c.* 62, to take the estate so devised, and to hold the same, in like manner as if said Elizabeth had survived the testatrix ; and that he had endeavored to perform the trust, for the benefit of said Mary Ann P. : That the situation and condition of the real estate devised to him, as aforesaid, were such, that little or no income could be obtained therefrom ; and that a sale of the same, and an investment of the proceeds in some safe and productive manner, were required for the benefit of said minor : That the other parties, interested in said real estate, concurred with the plaintiff in opinion, and were about uniting in a sale of all their respective shares therein, as the best disposition that could be made thereof.

The plaintiff therefore prayed that his power and duties under said will might be declared by the court, and that he might be authorized, and by a decree directed, to join in a sale of the share of the real estate, so as aforesaid devised to him in trust ; or that such other decree might be passed, as should be fitted to the nature of the case. He also prayed that a subpœna might issue to the said Mary Ann P., commanding her to appear and answer.

The answer of the defendant (made by her guardian appointed by the court for this case) confessed the facts stated in the bill, and submitted her rights and interests to the protection of the court ; averring that "whether the plaintiff had any greater legal estate devised to him, than for the life of her mother, or whether he is now a trustee thereof under said will, she knows not, but claims to be entitled absolutely, in her own right, to the share and portion devised for the life of her said mother."

Written arguments were submitted to the court, in June 1842.

*Aylwin*, for the plaintiff.

*Paine*, for the defendant.

HUBBARD, J.* This case comes before us on bill and answer, and the question presented to us is, what estate, if any, the defendant, who is a minor, has in the property devised. The complainant claims to be the devisee of the legal estate, by force of the will, and to hold the same for the benefit of the defendant, as a continuing trust. But he also contends, that whether continuing or not, as the legal estate is in him, he should be directed to convey, upon proper proceedings, in such manner as the estate may have vested ; and that it should be held by him till the defendant arrives at full age and assents to the devise.

The intent of the testatrix was, to give the property to her niece, and her heirs and assigns, and thus to make an absolute gift of the estate devised, both real and personal ; but for the purpose of securing to her niece the income during life — she being a married woman — the testatrix devised the same in trust to the plaintiff.

Before the *St.* of 1783, *c.* 24, § 8, which is continued in force by the Rev. Sts. *c.* 62, § 24, the devise would have lapsed, and the creation of the trust for the purpose of securing the income to the devisee, during her life, would not have saved it. *Colson* v. *Colson,* 2 Atk. 246. *Hodgson* v. *Ambrose,* 1 Doug. 336.

The language of the statute, as revised, is, " when a devise of real or personal estate is made to any child or other relation of the testator, and the devisee shall die before the testator, leaving issue who survive the testator, such issue shall take the estate so devised, in the same manner as the devisee would have done, if he had survived the testator ; unless a different disposition thereof shall be made or required by the will.".

It was suggested in the argument, that *St.* 1783, *c.* 24, § 8,

* *Wilde,* J did not sit in this case.

related to legal estates, if a literal interpretation were had ; but that equitable devises were equally within the mischief intended to be remedied by that clause of the statute.　And we are of opinion that the statute is to receive a liberal construction, and that by the term devise, as there used, is meant, any devise, bequest, or gift, which the testator intended should go to the use and benefit of the child or other relation named ; as well those legacies which are given to a trustee for the benefit of the relation, as those which are given directly to the party.

In this case, the mother dying before the testatrix, what is the nature of the estate to which the daughter is entitled ?　If we should adhere to the mere words of the statute, it might be said that the plaintiff should hold the estate for the daughter, in trust, and pay to her the income, that being "in the same manner" the mother was to enjoy the benefit of it.　But we are to look at the intention of the testatrix, and when that is ascertained, we are then to consider what is the bearing of the statute on the devise.　And we are of opinion, that the object she had in view, in creating the trust, was confined to the life of Mrs. Prentiss ; and, as she died during the life of the testatrix, the trust estate never took effect in the plaintiff ; a continuance of it not being required to give force to the devise.　The defendant's title then flows directly from the testatrix, by force of the statute, which preserves the legacy, and substitutes the child as the devisee in place of the parent, and discharged of the trust ; because in regard to her, as heir of her mother, a different disposition of the estate is made by the will ; the devise being to the mother, in trust, but to the heirs, in fee ; which word heirs is here a *designatio personarum.*

Though the defendant is a minor, yet as the devise is for her benefit, her assent is to be presumed.　We are therefore of opinion, that the defendant is seized in fee of the undivided part of the real estate, and is entitled to her share of the personal estate, according to the terms of the devise.

The bill must therefore be dismissed, and the guardian or next friend of the defendant may apply for leave to sell her share of the real estate, under the usual provisions of the statute on the subject.